IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT JULIUS,

                          Plaintiff,

      v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                          Defendant.

OPINION AND ORDER

15-cv-675-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Robert Julius is seeking review of a final decision by defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying his claim for supplemental security income under the Social Security Act. 42 U.S.C. § 405(g). His claim has a complicated procedural history dating back almost 18 years. Plaintiff was born on November 30, 1990 and was eight years old when he was awarded supplemental security income on February 16, 1999, because his intellectual disability (then referred to as "mild mental retardation") and attention deficit hyperactivity disorder met the criteria of Listing 112.05(D) (intellectual disability). Following a continuing disability review, the commissioner found plaintiff to be not disabled as of February 2004 and sought termination of his benefits effective April 2004. Plaintiff appealed the decision, but an administrative law judge affirmed the cessation of plaintiff's benefits following an administrative hearing in May 2006. After the Appeals

1

Council denied plaintiff's request for review, plaintiff filed suit in federal court. In January 2008, the United States District Court for the Eastern District of Wisconsin remanded the 2006 administrative decision for further proceedings. Plaintiff turned 18 before a hearing was held on remand.

In September 2009, an administrative law judge denied plaintiff's claim after evaluating plaintiff's claim under the standards for determining disability benefits for both children and adults, Two months later, on December 23, 2009, plaintiff filed another application for supplemental security income, alleging disability beginning November 1, 1991. The December 2009 claim was denied initially and on reconsideration, and an administrative law judge issued a finding of "not disabled" in April 2012.

In July 2012, the Appeals Council remanded the September 2009 decision on plaintiff's first application for (1) further consideration of third-party statements and questionnaires; (2) an assessment of plaintiff's maximum residual functional capacity with specific references to the evidence supporting it; and (3) obtaining supplemental vocational expert testimony if needed. In April 2013, the Appeals Council granted plaintiff's request for review of the April 2012 decision on his second application. The Appeals Council determined that plaintiff's two claims should be consolidated and that an administrative law judge should issue a new decision on the consolidated claims.

Administrative Law Judge Wayne Ritter held an administrative hearing in the consolidated case on April 17, 2014; plaintiff was 23 years old at that time. The administrative law judge issued a written decision on June 6, 2014, finding that (1)

plaintiff's intellectual functioning had improved as of April 30, 2004; (2) plaintiff was not disabled under 42 U.S.C. § 1382c(a)(3)(C) before he turned 18 years old on November 30, 2008; and (3) plaintiff did not meet the definition of disability for adults under § 1382c(a)(3)(A). AR 567, 593. Although the administrative law judge concluded that plaintiff continued to suffer from the severe impairments of borderline intellectual functioning and attention deficit hyperactivity disorder after April 30, 2004, AR 569 and 583, he determined that plaintiff had the residual functional capacity to perform work at all exertional levels if it is "limited to performing simple, routine and repetitive tasks; no fast-paced work; and only simple work-related decisions with occasional work place changes and occasional interaction with the public, co-workers and supervisors." AR 585. In his current appeal of that decision, plaintiff argues that he is entitled to an award of benefits because the administrative law judge erred in two ways: (1) he failed to account for plaintiff's moderate limitations in concentration, persistence and pace in the residual functional capacity assessment and in his hypothetical question to the vocational expert in determining whether plaintiff met the definition for disability as an adult; and (2) he did not give proper consideration to certain functional limitations identified by the medical expert, a consulting physician, a treating physician, plaintiff's guardian and plaintiff's former special education teacher in determining whether plaintiff met the definition for disability as a child.

For the reasons discussed below, I am remanding this case so the administrative law judge can fully account for plaintiff's moderate limitations in concentration, persistence and pace and more fully explain his reasoning for rejecting the marked limitations assessed by

the medical expert. Plaintiff has waived all of his other arguments relating to the third-party opinions by failing to develop them. Finally, I am declining plaintiff's request for a judicial award of benefits because plaintiff has not shown that the record compels a finding of disability under the standards applicable either to children or adults.

OPINION

A. Concentration, Persistence and Pace

At step four of the sequential evaluation process applicable to adults, the administrative law judge found that after plaintiff turned 18, his impairments resulted in moderate limitations in his ability to maintain "concentration, persistence *and* pace." AR 588, 591. At other points in his decision, the administrative law judge refers to moderate limitations in "concentration, persistence *or* pace." AR 584, 588. He did not identify plaintiff's specific limitations or state whether he believed that plaintiff had problems in one, two or all three of these areas. Varga v. Colvin, 794 F.3d 809, 815-16 (7th Cir. 2015) (finding same deficiency in administrative decision). For example, even though the administrative law judge referred generally to plaintiff's inability to focus, he did not discuss any issues plaintiff faced with persistence or pace even though he seems to agree that plaintiff also had problems in these areas. AR 588 ("[A]lthough the claimant reports having only a 6th-grade reading level and difficulty maintaining focus, the overall record documents that he can focus on tasks fairly well <u>when he wants to</u>" in performing his daily activities.) (emphasis in original). He rejected more severe limitations in concentration, persistence and

4

pace for plaintiff based primarily on the fact that plaintiff hunted and fished on a daily basis, studied for and completed high school equivalency tests, took courses to be an electrician and played video games for 45 minutes at a time. AR 588.

The state agency physician opinions that the administrative law judge relied upon also fail to shed much light on plaintiff's specific limitations in concentration, persistence and pace, but they do show that the consulting physicians believed that plaintiff was limited in all three areas. On April 19, 2010, Dr. Jack Spear completed a mental residual functional capacity assessment form in which he noted that plaintiff was moderately limited in his ability to carry out detailed instructions, maintain attention and concentration for extended periods, complete a normal workday and workweek without interruption and perform at a consistent pace. AR 1307-09, 1321. Dr. Roger Rattan affirmed Spear's opinion in June 2010. AR 590. In an April 12, 2010 report, Dr. Stephen Kraweic examined plaintiff and concluded that he had "attention difficulty and broader intellectual limitations" and required a "low-stress environment where rapid pace was not required," as well as "some close supervision and guidance." AR 1304. In the residual functional capacity assessment and the hypothetical question posed to the vocational expert at the hearing, the administrative law judge attempted to account for the unspecified concentration, persistence and pace limitations by restricting plaintiff to simple, routine and repetitive tasks with no fast-paced production and only simple work-related decisions and occasional workplace changes. AR 587-88.

Plaintiff contends that the administrative law judge erred by failing to translate his

5

moderate limitations in concentration, persistence and pace into adequate residual functional capacity findings for the vocational expert. O'Connor-Spinner v. Astrue, 627 F.3d 614, 619 (7th Cir. 2010) (administrative law judge must orient vocational expert to "totality of a claimant's limitations," including those involving "concentration, persistence and pace"). Specifically, plaintiff argues that the administrative law judge did not ask the vocational expert to assume a hypothetical person with the specific concentration, persistence and pace limitations alleged by plaintiff and instead focused his questions on what type of tasks and instructions he believed that plaintiff could handle. Perez v. Astrue, 881 F. Supp. 2d 916, 940 (N.D. Ill. 2012) (noting similar problems and remanding on this basis). Plaintiff points out correctly that the Court of Appeals for the Seventh Circuit has found repeatedly that remand is required where an administrative law judge adopts "simple" or "routine" tasks or instructions as a substitute for limitations in concentration, persistence and pace. Yurt v. Colvin, 758 F.3d 850, 857-58 (7th Cir. 2014) ("simple" or "repetitive" work does not address general concentration, persistence and pace deficiencies); O'Connor-Spinner, 627 F.3d at 620 ("The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity."); Stewart v. Astrue, 561 F.3d 679, 685 (7th Cir. 2009) (limiting plaintiff to simple, routine tasks did not account for limited ability to understand instructions); Young v. Barnhart, 362 F.3d 995, 1004 (7th Cir. 2004) ("simple, routine" tasks did not adequately account for "impairment in concentration"); Craft v. Astrue, 539 F.3d 668, 677-78 (7th Cir. 2008) ("simple, unskilled work" does not account for difficulty with memory, concentration, or mood swings).

Defendant argues that the administrative law judge did not simply assume that plaintiff could do unskilled work because he also specified that plaintiff could not handle fast-paced work or any more than limited interaction with others. Although these more specific restrictions may address some of plaintiff's limitations related to work pace and adaptation, they do not account for the documented problems that he had with concentration or maintaining persistence. Varga, 794 F.3d at 815 ("'Few if any work place changes' with limited 'interaction with coworkers or supervisors' deals largely with workplace adaptation, rather than concentration, pace, or persistence."); Prestwich v. Colvin, No. 14-CV-815-jdp, 2016 WL 426607, at *1 (W.D. Wis. Feb. 3, 2016) (hypothetical question that limited claimant to "simple, routine, and repetitive tasks in a low-stress job" with only occasional supervision, decision making, changes in work setting and interaction with public and co-workers did not adequately account for moderate limitations in concentration, persistence and pace). Further, the administrative law judge did not define what he meant by "fast-paced production," and "[w]ithout such a definition, it would have been impossible for the [vocational expert] to assess whether a person with [claimant's] limitations could maintain the pace proposed." Varga, 794 F.3d at 815.

Although it is not necessary for the administrative law judge to use the terms "concentration," "persistence" or "pace" in the hypotheticals he poses for the vocational expert, the court "will not assume that a [vocational expert] is apprised of such limitations unless he or she has independently reviewed the medical record." Varga, 794 F.3d at 814 (citing Yurt, 758 F.3d at 857). See also O'Connor–Spinner, 627 F.3d at 619 ("We

sometimes have assumed a [vocational expert's] familiarity with a claimant's limitations, despite any gaps in the hypothetical, when the record shows that the [vocational expert] independently reviewed the medical record or heard testimony directly addressing those limitations."). Defendant states generally that the vocational expert in this case was made aware of plaintiff's moderate difficulties, but she fails to cite any support for this position. The administrative law judge did not identify at the hearing or in his written decision what he believed were plaintiff's moderate limitations in concentration, persistence and pace. Although the vocational expert testified that he had reviewed the "file" and "exhibits," he said he did so to "familiarize" himself with plaintiff's "vocational background." AR 1594. Nothing in the record suggests that the vocational expert independently reviewed plaintiff's medical records with respect to his limitations in concentration, persistence and pace. In any event, the Court of Appeals for the Seventh Circuit has made it clear that even in cases in which the vocational expert has reviewed the medical record, it will not assume the expert's familiarity with a claimant's limitations if the administrative law judge "poses a series of increasingly restrictive hypotheticals to the [vocational expert], because in such cases we infer that the [vocational expert's] attention is focused on the hypotheticals and not on the record." O'Connor–Spinner, 627 F.3d at 619 (citing Simila v. Astrue, 573 F.3d 503, 521 (7th Cir. 2009); Young, 362 F.3d at 1003).

Finally, relying on this court's decision in Lanigan v. Colvin, 2016 WL 2743547, *6 (W.D. Wis. May 11, 2016), defendant contends that plaintiff waived his challenge to the hypothetical because he did not ask the vocational expert at the hearing how the moderate

8

difficulties in concentration, persistence and pace would affect the occupational base. However, a review of the hearing transcript shows that plaintiff's attorney asked the vocational expert a series of questions that added limitations in these areas to the hypotheticals posed by the administrative law judge, and in each case, the vocational expert testified that there would be no work available to such an individual. AR 1601-02. In addition, the vocational expert testified in response to questions from plaintiff's attorney that the Dictionary of Occupational Titles, which the vocational expert relied on for his job numbers, does not address fast-paced production or interaction with others. Accordingly, I conclude that plaintiff did not waive his challenge.

In sum, I am remanding this case for further consideration of plaintiff's moderate limitations in concentration, persistence and pace. On remand, the administrative law judge must give a full explanation of plaintiff's limitations in these areas and account for them in his residual functional capacity assessment, supporting his findings with specific references to the record. In addition, he or she must incorporate the limitations in his hypothetical questions to the vocational expert. Yurt, 758 F.3d at 857 ("As a general rule, both the hypothetical posed to the [vocational expert] and the [administrative law judge's] RFC assessment must incorporate all of the claimant's limitations supported by the medical record.").

Plaintiff argues that a judicial award of benefits is appropriate in this case because of the length of time this litigation has gone without resolution and the fact that defendant has failed to produce an acceptable decision on his claim, despite the many opportunities she has

9

had to get it right. The record is not as clear as plaintiff suggests. The administrative law judge should be able to translate plaintiff's limitations properly for a vocational expert, who could conclude that there are jobs available that plaintiff could perform even with those limitations. Allord v. Astrue, 631 F.3d 411, 416 (7th Cir. 2011) (although claimant identified infirmities in administrative decision, record did not compel finding of disability); Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 356 (7th Cir. 2005) (remand for further proceedings appropriate remedy unless "record can yield but one supportable conclusion").

### B.  Functional Limitations Noted in Third-Party Opinions

Plaintiff argues that the administrative law judge failed to give full consideration to five third-party opinions in concluding that plaintiff was not disabled as a child because he did not have a "marked limitation" in any of the six functional domains relevant to an award of benefits. 20 C.F.R. § 416.924(d) (to be disabled, child must meet, medically equal or functionally equal a listed impairment); § 416.924a (child's impairments functionally equal listing if they result in "marked" limitation in at least two of six enumerated domains of functioning). The six domains include acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). A "marked" limitation is "the equivalent of functioning" one would "expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the norm." 20 C.F.R. § 416.926a(e)(2).

Plaintiff focuses on evidence that the administrative law judge allegedly ignored or improperly discounted and does not explain clearly why he believes that he functionally met a listed impairment between April 2004 and November 2008 (when he turned 18). As discussed below, plaintiff has waived most of his arguments with respect to the third-party opinions by failing to develop them in any meaningful way and his challenges to a consulting physician's opinion are not well-founded. However, he did raise a valid criticism to the administrative law judge's treatment of the medical expert's opinion, which is a ground for remand. I will now address each of the third-party opinions separately.

1. Dr. Kraweic

Plaintiff argues that the administrative law judge failed to consider the April 2010 opinion of Dr. Steven Kraweic, a consultative physician who examined plaintiff and noted that plaintiff would "falter" when carrying out simple job instructions "due to attention difficulty and broader intellectual limitations." AR 1304-05. (Dr. Kraweic found that plaintiff otherwise had adequate attention and concentration, good immediate and recent memory and good "serial twos" performance. AR 1301-05.) As defendant points out, the problem with plaintiff's argument is that Dr. Kraweic evaluated plaintiff in 2010 when plaintiff was 19. Although plaintiff states that the evaluation is "applicable," he does not explain why that would be the case. Dr. Kraweic was evaluating plaintiff's ability to work under the standards applicable to adults and did not give a retroactive opinion about plaintiff's functioning as a child. Plaintiff has cited no authority that would allow an

11

inference from findings made almost two years after plaintiff became an adult that plaintiff had a marked limitation as a child in one of the six relevant domains of functioning.  so.

2.  Aurelia White

White was plaintiff's special education teacher in the subjects of literature, language arts and math.  AR 344.  In December 2003, she completed an assessment in which she noted on a chart that plaintiff had some "serious problems" in the domains of acquiring and using information and attending to and completing tasks.  AR 345-49.  She did not rate plaintiff as having any "very serious" problems in any domain.  Id.  Plaintiff notes that even though the administrative law judge stated that he gave White's opinion "significant weight," AR 574, he interpreted her opinion as supporting less than marked limitations in any functional domain.  AR 574.  Without explanation, plaintiff contends that the administrative law judge did not accurately adopt the nature and extent of her findings and made an improper medical determination.

Although plaintiff's argument is confusing and not well-developed, I assume that he believes that the administrative law judge improperly "played doctor" in finding that White's assessment did not support a finding of marked limitations in the domains of attending to completing tasks and acquiring and using information.  However, as defendant points out, White is not a medical provider or an "acceptable medical source." In addition, the premise of plaintiff's argument is wrong because the rating of the functional domains is an *administrative* determination based on medical and nonmedical evidence rather than a *medical*

determination. 20 C.F.R. § 416.926a(n) ("For cases at the administrative law judge or Appeals Council level, the responsibility for deciding functional equivalence rests with the administrative law judge or Appeals Council."). To the extent that plaintiff is challenging the treatment of White's opinion on any other ground, he has waived that argument by failing to develop it. Puffer v. Allstate Insurance Co., 675 F.3d 709, 711 (7th Cir. 2012) (undeveloped arguments are waived).

3. Katchenago

In its July 6, 2012 remand order considering the September 2009 decision of the administrative law judge, the Appeals Council directed the administrative law judge specifically to consider the testimony of plaintiff's guardian, Rhonda Katchenago. AR 642. In a cursory argument, plaintiff faults the administrative law judge for merely summarizing her hearing testimony and not analyzing it or assigning it a particular weight. However, a review of the administrative law judge's decision shows that he provided at least some reasons for discounting Katchenago's testimony by noting that although he found the testimony of plaintiff's guardians to be "generally consistent with the evidence,"

> to the extent that they stated that the claimant has significant difficulties concentrating and focusing, the undersigned finds other evidence of record more persuasive, such as the claimant's activities discussed above.

AR 575. By not developing an argument about why the administrative law judge's statements failed to satisfy the remand order or any other obligation with respect to third-party evidence, plaintiff has waived it. Puffer, 675 F.3d at 711.

4. <u>Dr. Armentrout</u>

Dr. James Armentrout appeared as a medical expert at plaintiff's February 2006 administrative hearing and testified that plaintiff had a marked limitation in attending and completing tasks but less than marked functional limitations in the other five domains. AR 572. The administrative law judge stated that he adopted all of Dr. Armentrout's findings except for the finding with respect to plaintiff's ability to attend and complete tasks because plaintiff engaged in several activities that showed an ability to concentrate, including studying for and completing his high school equivalency test, working on a friend's car, started his own landscaping business, hunting and fishing on a daily basis, playing video games for 45 minutes at a time, watching television and taking two courses to be an electrician. AR 575, 588 and 591.

Plaintiff challenges the administrative law judge's reasoning on two grounds. First, he accuses the administrative law judge of playing doctor and improperly making medical determination about plaintiff's ability to concentrate. However, as explained above in conjunction with White's opinion, the administrative law judge has the responsibility for deciding functional equivalence based on all of the evidence in the record.

Second, plaintiff argues that the types of activities cited by the administrative law judge do not necessarily indicate that his concentration was not markedly limited. He notes that individuals sometimes structure activities to minimize symptoms and avoid physical and mental stressors and also may be able to adjust their schedule to accommodate daily activities. E.g., <u>Bjornson v. Astrue</u>, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical

differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons (in this case, Bjornson's husband and other family members), and is not held to a minimum standard of performance, as he would be by an employer. Playing video games, being on the internet and helping repair a car do not necessarily rise to the level of activities consistent with the pace expected by employers."). Plaintiff raises a fair point.

Relevant to the domain of attending and completing tasks is how well the child is able to focus and maintain attention, and how well he begins, carries through and finishes activities, including the pace at which he performs activities and the ease with which he changes them. 20 C.F.R. § 416.926a(h). Adolescents "should be able to pay attention to increasingly longer presentations and discussions, maintain [their] concentration while reading textbooks, and independently plan and complete long-range academic projects" and "in anticipation of entering the workplace, . . . maintain [their] attention on a task for extended periods of time, and not be unduly distracted by [their] peers or unduly distracting to them in a school or work setting." § 416.926a(h)(2)(v). Although the administrative law judge recounted these regulatory standards in his decision, he merely cited plaintiff's daily activities without explaining why he believed that mastering a video game or studying for a few tests rose to the level of ability described in the regulations. AR 579. For example, the administrative law judge did not discuss plaintiff's ability to begin those activities, the pace at which he performed them or how easily he changed from one activity to another. Id. Because the record contains some evidence from plaintiff's teachers, guardians and his own

15

testimony that he had difficulties in these areas, the administrative law judge should take care on remand to fully explain his reasoning and not merely rely on what appear to be simple daily activities to discount findings by a medical professional that plaintiff had marked limitations in a functional domain.

5. Dr. O'Neill

Dr. Michael O'Neill was plaintiff's treating psychiatrist from April 2004 until at least November 2008. AR 344, 1452-56. In November 2008, he completed a questionnaire in which he stated that plaintiff (1) had marked limitations in the areas of social functioning, cognitive and communicative functioning, and concentration, persistence and pace; and (2) was markedly limited in his ability to do detailed or complex tasks, interact with others without becoming distracted and complete a normal workday and workweek without interruption. AR 575 (citing exh. #47F). It is a well-settled rule that a treating physician's medical opinion is entitled to controlling weight if it is supported by objective medical evidence and consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013); Skarbek v. Barnhart, 390 F.3d 500, 503 (7th Cir. 2004). Although an administrative law judge is not required to afford a treating physician's opinion controlling weight, he is required to provide a sound explanation for rejecting it and build a logical bridge from the evidence to his conclusion. Roddy, 705 F.3d at 636. Further, "[i]f an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent

16

of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." Moss v. Astrue, 555 F.3d 556, 561 (7th Cir. 2009) (citing 20 C.F.R. § 404.1527). See also 20 C.F.R. § 416.927(c) (outlining same factors for supplemental security income).

Plaintiff generally contends that the administrative law judge did not determine whether Dr. O'Neill's opinion was entitled to controlling weight or consider expressly the relevant checklist of factors. However, a review of the administrative opinion shows that the administrative law judge assigned Dr. O'Neill's opinion little weight and provided several reasons for doing so, including internally inconsistent statements and findings within Dr. O'Neill's treatment notes, his frequent remarks about doubting plaintiff's truthfulness regarding his functioning and plaintiff's daily activities. AR 575. As defendant points out, plaintiff does not provide a meaningful defense of the physician's opinion or identify any specific flaws in the administrative law judge's analysis. Accordingly, I find that plaintiff has waived his argument by failing to develop it.

Even though plaintiff has waived his argument, I note that as with Dr. Armentrout's opinion, the administrative law judge failed to discuss fully how plaintiff's daily activities met all of the regulatory criteria applicable to the functional equivalence analysis. Therefore, on remand, the administrative law judge should explain in full his reasoning with respect to plaintiff's daily activities and address the relevant regulatory factors.

ORDER

IT IS ORDERED that plaintiff Robert Julius's motion for summary judgment, dkt. #15, is GRANTED and this case is REMANDED to defendant Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g). Judgment is to be entered in favor of plaintiff.

Entered this 11th day of October, 2016.

BY THE COURT:<br>
/s/<br>
BARBARA B. CRABB<br>
District Judge